# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN M. VILLA,<br><br>                    Plaintiff<br><br>          vs.<br><br>CAROL AICHELE, individually and in her official capacity as Secretary of the Commonwealth of Pennsylvania,<br><br>                    Defendant. | Civ. A. No.  2:13-cv-06374-TJS<br><br><br>**NOTICE OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)** |

**WHEREAS,** Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869, addresses the qualifications of circulators of the nomination petitions for Democratic and Republican candidates for public office; and

**WHEREAS,** on November 1, 2013, plaintiff Brian M. Villa commenced the above-captioned action, challenging the residency requirements of Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869, on the grounds that the statute's requirement that a circulator be a registered voter in the same "political district" as the candidate, was repugnant to the First Amendment to the United States Constitution, *see Morrill v. Weaver*, 224 F. Supp. 2d 882 (E.D. Pa. 2002); *In re Stevenson*, 40 A.3d 1212, 1226 (Pa. 2012); *see also Krislov v. Rendour*, 226 F.3d 851, 866 n.7 (7th Cir. 2000), *cert. denied sub nom. McGuffage v. Krislov*, 531 U.S. 1147 (2001); and

**WHEREAS,** contemporaneously with the filing of this suit, the Pennsylvania Office of Attorney General was notified of its filing; and

**WHEREAS,** defendant Carol Aichele has not filed or served an answer or a motion in response to Plaintiff's Complaint; and

**WHEREAS,** on or before December 2, 2013, the Attorney General of Pennsylvania gave advice to the Pennsylvania Secretary of the Commonwealth concerning the constitutionality of Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869 (*see* Exhibit A hereto at pp. 1-2 & n.1); and

**WHEREAS,** based upon that advice of the Attorney General, the Pennsylvania Secretary of the Commonwealth has agreed to "cease enforcing" and to "suspend" the residency requirement of Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869 (*see* Exhibit A hereto at pp. 1, 4); and

**WHEREAS,** based upon that advice of the Attorney General, the Pennsylvania Secretary of the Commonwealth has further agreed to modify future nomination petition forms prepared and/or disseminated by that office to delete any reference to a residency requirement for nomination petition circulators (*see* Exhibit B hereto at p. 2); and

**WHEREAS,** the Pennsylvania Secretary of the Commonwealth, through counsel, has represented that that office will widely publish and disseminate nomination petition instructions stating: "**The part of Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869, that requires the circulator of a nomination petition to be a resident of the relevant political district in the petition will not be enforced pursuant to advice received from the Pennsylvania Office of Attorney General in *Villa v. Aichele*, No. 13-cv-06374 (E.D. Pa. 2013)**" (emphasis in original) (*see* Exhibit C hereto at p. 2, ¶ (3)(i) and Exhibit D hereto); and

**WHEREAS,** the Pennsylvania Secretary of the Commonwealth has articulated a satisfactory plan for communicating and disseminating information about the cessation of enforcement of, and suspension of, Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869 (*see* Exhibit D hereto); and

**WHEREAS,** Article III of the United States Constitution limits the jurisdiction of federal courts to matters where there is a case or controversy, and

**WHEREAS,** defendant Carol Aichele, through counsel, has suggested that the Pennsylvania Secretary of the Commonwealth's decision to cease enforcing and suspend Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869, to modify future nomination petition forms, to modify future nomination petition instructions, and to widely communicate and disseminate her decision to do so, renders this controversy nonjusticiable (*see* Exhibit A hereto, p. 4); and

**WHEREAS,** when, as here, a defendant voluntary ceases engaging in unconstitutional conduct, capitulates promptly when sued over such conduct, and makes a contemporaneous decision to refrain from defending the validity of, or need for, the law or conduct challenged as unconstitutional, such circumstances create a nonfrivolous argument that the case may be moot, *cf. DeJohn v. Temple University*, 537 F.3d 301, 309-11 (3d Cir. 2008); and

**WHEREAS,** the concurrence of both the chief election official and the chief legal official of the Commonwealth about the invalidity of the residency requirement of Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869, as reflected in the writings attached as Exhibits A-D hereto has, in Plaintiff's view, "made it absolutely clear" that future enforcement of this statute in Pennsylvania by Defendant, her successors, other state or county officials, or its courts, "could not reasonably be expected to recur," *see Friends of the Earth, Inc. v. Laidlaw Envtl. Svcs.*, 528 U.S. 167, 189 (2000);

**NOW THEREFORE,** this 31st day of December, 2013, in light of the foregoing, Plaintiff respectfully dismisses this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A).

Respectfully submitted,

**ZAZZALI, FAGELLA, NOWAK,
KLEINBAUM & FRIEDMAN**
One Riverfront Plaza, Suite 320
Newark, New Jersey  07102
(973) 623-1822
Counsel for Plaintiff


       */s/ Flavio L. Komuves*
_____
By:    FLAVIO L. KOMUVES
       No. 80789

Dated: Newark, New Jersey
       December 31, 2013

# EXHIBIT "A"



**COMMONWEALTH OF PENNSYLVANIA**
**GOVERNOR'S OFFICE OF GENERAL COUNSEL**

Kathleen M. Kotula, Deputy Chief Counsel                                          kkotula@pa.gov

December 2, 2013

**VIA REGULAR MAIL AND ELECTRONIC MAIL**
Paul L. Kleinbaum, Esquire
ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN, P.C.
One Riverfront Plaza, Suite 320
Newark, NJ 07102-5410

Dear Mr. Kleinbaum:

This letter responds to your letter dated October 15, 2013, to the Secretary of the Commonwealth regarding enforcement of the residency requirement of section 909 of the Pennsylvania Election Code, 25 P.S. § 2869.

Based on advice received from the Pennsylvania Office of Attorney General, the Secretary of the Commonwealth has decided to *cease enforcing* that part of section 909 of the Election Code that requires the circulator of a nomination petition to be a resident of the relevant political district and, accordingly, will revise the form of the circulator's affidavit prescribed by her and the instructions that relate to nomination petitions. The Department of State also will disseminate information about this change to the county boards of elections, candidates for public office, and statewide representatives of the political parties.

Please understand that Secretary Aichele clearly was not previously in a position legally to suspend the statutory residency requirement imposed by section 909 of the Election Code. Like any other Commonwealth official, the Secretary of the Commonwealth does not, on her own authority, have the prerogative under Pennsylvania law to stop enforcing a mandatory statute that no court has enjoined or declared to be unconstitutional. No court has declared any part of section 909 of the Election Code to be unconstitutional or enjoined its enforcement.

Absent a judicial declaration or injunction order, an executive officer may suspend enforcement of a binding statute *only where the Attorney General of the Commonwealth*, acting pursuant to section 204(a)(1) of the Commonwealth Attorneys Act, 71 P.S. § 732-204(a)(1), *has formally advised the executive officer (upon her request) that the statute is unconstitutional*

**DEPARTMENT OF STATE | OFFICE OF CHIEF COUNSEL**
301 NORTH OFFICE BUILDING | HARRISBURG, PA 17120
Phone: 717-783-0736 | Fax: 717-214-9899| www.dos.state.pa.us



Mr. Paul L. Kleinbaum
December 2, 2013
Page 2

*based on binding caselaw.*[1]

Section 909 of the Election Code is a statute that is binding on candidates seeking to gain access to a primary ballot, the Secretary of the Commonwealth and county boards of elections. The Secretary and the county boards have no discretion in their administration of section 909. At the time that the Secretary received your letter, she had not under section 204(a)(1) of the Commonwealth Attorneys Act asked the Attorney General for formal advice about the constitutionality of the residency requirement found in section 909 of the Election Code, nor had the Attorney General formally advised the Secretary about the constitutionality of section 909's residency requirement. Thus, under Pennsylvania law, the Secretary had no authority at that time to suspend the statutory requirement.

Had you and your client not acted so precipitously to sue the Secretary – *i.e.*, commencing suit only two weeks after your letter and more than three months before the statutory time period for the circulation and filing of nomination petitions for the 2014 General Primary – the Secretary would have had time to seek a formal opinion from the Attorney General under section 204(a)(1), and the Attorney General would have been able to advise the Secretary as to whether the residency requirement imposed by section 909 of the Election Code is constitutionally enforceable. However, the plaintiff's suit in *Villa v. Aichele*, No. 2:13-cv-06374-TJS (E.D. Pa.), filed on November 1, 2013, foreclosed any possible administrative

---

[1] In Official Opinion 2013-1, the Attorney General of Pennsylvania recently explained the standards for rendering formal legal advice to Commonwealth officials under section 204(a)(1) of the Commonwealth Attorneys Act regarding the constitutionality of statutes:

> [W]hen providing legal advice to the head of a Commonwealth agency, the Attorney General is required by Section 204(a)(3) of the Commonwealth Attorneys Act, 71 P. S. § 732-204(a)(3), "to uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction." As a threshold matter, it must be emphasized that the concept of a "controlling decision by a court of competent jurisdiction" is not predisposed to precise definition. The standard cannot be construed so narrowly as to require a decision by the highest possible appellate court holding unconstitutional the very provision on which the Attorney General's advice is sought. Conversely, a decision said to be "controlling" must be more than merely predictive of the constitutionality of the statutory provision in question. It must adjudicate the constitutionality of a statutory provision materially indistinguishable from the statute at issue, and it must be rendered by a court that has jurisdiction over the entirety of Pennsylvania.

43 Pa. Bull. 4294, 4295 (July 27, 2013).

Mr. Paul L. Kleinbaum
December 2, 2013
Page 3

process under section 204(a)(1) of the Commonwealth Attorneys Act.  As a result, the Secretary was able to receive legal advice from the Attorney General for the first time only as part of the Office of Attorney General's representation of the Secretary as a defendant in *Villa* pursuant to the Attorney General's responsibility under section 204(c) of the Commonwealth Attorneys Act, 71 P.S. § 732-204(c) (The Attorney General shall represent a Commonwealth agency in any action brought against the agency.).

Another important justification for the Secretary of the Commonwealth to proceed cautiously in her enforcement of section 909 of the Election Code is the experience had in 2010 when the Commonwealth Court of Pennsylvania refused to follow the opinion and permanent injunction order issued against the Secretary in *Morrill v. Weaver*, 224 F.Supp.2d 882 (E.D. Pa. 2002), *even as to the precise terms of that decision and injunction*. *See In re: Stevenson*, No. 643 M.D. 2010, 2010 Pa. Commw. Unpub. LEXIS 918 (Aug. 19, 2010).  Though the Supreme Court of Pennsylvania on appeal in *Stevenson* vacated the Commonwealth Court's decision, *see* 608 Pa. 397, 12 A.3d 273 (2010), and later in a full opinion disapproved of Commonwealth Court's refusal to respect the permanent injunction issued against the Secretary in *Morrill* based on principles of federalism, comity and practicality, *see In re: Stevenson*, 615 Pa. 50, 66 & 70 n.10, 40 A.3d 1212, 1222 & 1224 n.10 (2012), the *Stevenson* experience teaches that *the Secretary must tread cautiously* before administratively extending beyond their strict terms declaratory judgments and injunction orders issued by a federal court.   The reality of Pennsylvania law regarding statutory provisions regulating ballot access is this:  It is *the state courts* that have the ultimate enforcement power, not the Secretary of the Commonwealth and the county boards of elections.

Moreover, even if the Secretary had believed that the constitutional conclusions expressed in *Morrill* relating to the residency requirement of section 951(d) of the Election Code logically applied to the residency requirement imposed by section 909 of the Election Code, and even if she had the prerogative under Pennsylvania law to suspend the statute under her own authority, the Secretary could not have prudently suspended the statutory requirement on her own initiative.  The decisions of the Pennsylvania courts in *In re Zulick*, 832 A.2d 572 (Pa. Commw. Ct.), *aff'd*, 575 Pa. 140, 834 A.2d 1126 (2003), *cert. denied*, 543 U.S. 808 (2004), counsel the Secretary of the Commonwealth to abide by mandatory statutory requirements and to leave constitutional determinations to the courts.   In *Zulick*, the Pennsylvania courts distinguished and otherwise refused to follow an opinion of the U.S. Court of Appeals for the Third Circuit that had declared a provision of the Election Code to be unconstitutional.  Instead, the Pennsylvania courts enforced the Election Code as written.

Though (as we have explained) the Secretary of the Commonwealth is obliged to tread lightly in the suspension or abrogation of mandatory requirements of the Election Code, the

Mr. Paul L. Kleinbaum
December 2, 2013
Page 4

Secretary has decided to follow the advice of the Office of Attorney General to suspend the residency requirement of section 909 of the Pennsylvania Election Code. Enclosed you will find the revised form of the circulator's affidavit that has been newly-prescribed by the Secretary and revised instructions relating to the nomination petitions. The proposed revisions are reflected in tracked changes.

The Department of State plans to communicate and disseminate the revised form of the nomination petition and instructions to the county boards of elections, candidates for public office, and the statewide representatives of the political parties. The Department also will make the statewide political parties aware of the changes and notify all through its public communications. These changes satisfy all of the substantive requests made in your October 15 letter and, therefore, should moot your client's suit in *Villa v. Aichele*.

Sincerely,

Kathleen M. Kotula
Deputy Chief Counsel

Enclosures

cc:   Kevin R. Bradford, Senior Deputy Attorney General, Office of Attorney General
      Gregory E. Dunlap, Executive Deputy General Counsel, Governor's Office of General
         Counsel
      Steven V. Turner, Chief Counsel, Pennsylvania Department of State
      Shannon E. Royer, Deputy Secretary for External Affairs & Elections, Pennsylvania
         Department of State
      Jonathan M. Marks, Commissioner, Bureau of Commissions, Elections and Legislation,
         Pennsylvania Department of State

# EXHIBIT "B"

## Commonwealth of Pennsylvania
### DEPARTMENT OF STATE

ATTENTION!
A. This Petition may be used to submit for Nomination the Name of One Candidate for One Office Only.
B. Please refer to the instruction page provided with this petition for detailed information about completion of this form.



OFFICIAL USE ONLY

11111111111111111111

**NOMINATION PETITION FOR:**   REPRESENTATIVE IN CONGRESS

**DISTRICT NUMBER:**   6th Congressional District

**YEAR OF PRIMARY:**   2014

**CANDIDATE'S NAME(PRINT OR TYPE NAME):**   Jane Smith

**OCCUPATION:**   Lawyer

**RESIDENTIAL STREET ADDRESS:**   123 Main Street

**CITY, BOROUGH OR TWP.:**   Dauphin Boro

**COUNTY OF SIGNERS:**   MONTGOMERY 46          **PARTY OF SIGNERS:**   Republican

**To the SECRETARY OF THE COMMONWEALTH:**

We, the undersigned, all of whom severally declare that we are qualified electors of the County and of the political district set forth above, that we are registered and enrolled members of the Political Party set forth above, and have signed no petition inconsistent herewith, do hereby petition the Secretary of the Commonwealth to have the candidate whose Name, Occupation and Residence are as set forth above, certified to the County Board of Elections of said County or Counties in said District, to be printed on the Primary Ballot of said Party, for the Year and Office set forth above.

| A | SIGNATURE OF ELECTOR | PRINTED NAME OF ELECTOR | PLACE OF RESIDENCE | | | B DATE OF SIGNING |
|---|---|---|---|---|---|---|
| | | | House No. | Street or Road | City, Boro or Twp. | |
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |

C   DSBE-SC(5/13) MONTGOMERY 46          Department of State   11111111111111111111          Page_____ Side 1   D

Page _____ Side 2

**A**

| SIGNATURE OF ELECTOR | PRINTED NAME OF ELECTOR | PLACE OF RESIDENCE | | | **B** DATE OF SIGNING |
|---|---|---|---|---|---|
| | | House No. | Street or Road | City, Boro or Twp. | |
| 15. | | | | | |
| 16. | | | | | |
| 17. | | | | | |
| 18. | | | | | |
| 19. | | | | | |
| 20. | | | | | |
| 21. | | | | | |
| 22. | | | | | |
| 23. | | | | | |
| 24. | | | | | |
| 25. | | | | | |
| 26. | | | | | |
| 27. | | | | | |
| 28. | | | | | |
| 29. | | | | | |
| 30. | | | | | |

## AFFIDAVIT OF CIRCULATOR

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF _____ SS:

> CIRCULATOR SHOULD COMPLETE
> 1 - 5 BELOW

    I do swear (or affirm) that I am a qualified elector of the Commonwealth, duly registered and enrolled as a member of the political party and of the political district designated in this nomination petition; that my residence is as set forth below; that the signers to the foregoing petition signed the same with full  knowledge of the contents thereof; that their respective residences are correctly stated therein; that each signed on the date set opposite his or her name;  that to the best of my knowledge and belief, the signers are qualified electors, duly registered and enrolled members of the political party and of the  political district designated in this petition, and that they are residents in the County specified in number one below.

Sworn to and subscribed before me this _____

1 _____
County of Petition Signers Residence

day of _____ 20 _____

2 _____
Signature of Circulator

_____

3 _____
Printed Name of Circulator

_____

4 _____
Street

_____(Official Title)_____

My commission expires _____

5 _____
City, Borough or Twp.                    Zip Code

NOTE: THIS AFFIDAVIT MUST BE EXECUTED AFTER ALL SIGNATURES HAVE BEEN OBTAINED.

**C**                    11111111111111111                    **D**

# EXHIBIT "C"

# Commonwealth of Pennsylvania



## DEPARTMENT OF STATE

## SECRETARY OF THE COMMONWEALTH

\*\*\*\*\*\*\*\*

---

### ELECTION CALENDAR\*

| | |
|---|---|
| First day to circulate and file nomination petitions.............................. | February 18 |
| Last day to circulate and file nomination petitions............................. | March 11 |
| Last day to file objections to nomination petitions.............................. | March 18 |
| Day for casting of lots for Primary ballot positions............................. | March 19 |
| Last day for candidates filing nomination petitions to withdraw.......... | March 26 |
| Last day to REGISTER to vote before the Primary........................... | April 21 |
| PRIMARY ELECTION.................................................................... | May 20 |
| NOVEMBER ELECTION................................................................ | November 4 |

\* All dates are subject to change without notice

---

**INSTRUCTIONS FOR CIRCULATING NOMINATION PETITIONS – 2014**

NOTICE: You may duplicate these nomination petition pages **prior to circulation** if the duplicates are **exact** copies of the originals **(8 1/2 x 11" paper, 2-sided, head to head)**. You may complete all blank spaces at the top of Side 1 of the nomination petition page (see 1i and 1ii below) prior to duplication to eliminate clerical error. In addition, some nomination petition pages have been stapled by this office prior to distribution. Staples on these nomination petition pages may be removed prior to circulation.

1. **Prior to Circulation**

    i.    All blank spaces which appear at the top of Side 1 of each nomination petition page must be completed before signatures are obtained.

    ii.    Write or print the name of the candidate on the nomination petition page **exactly** as the candidate wants it to appear on the ballot. A nickname is allowed only if it is a derivative of the legal given name.

2.  **Signers**

    i.  Different nomination petition pages must be used for signers residing in different counties.

    ii.  Each signer may sign nomination petitions only for as many candidates for each office as they are permitted to vote.

    iii.  Each signer of a nomination petition must be a registered and enrolled elector of the political district and of the party referred to in the nomination petition. (Republican electors must sign Republican nomination petitions; Democratic electors must sign Democratic nomination petitions.)

    iv.  Each signer must personally sign his or her name in the "Signature of Elector" column and print his or her name in the "Printed Name of Elector" column. Each signer must also insert in the "Place of Residence" column the information concerning residence listing his or her address exactly as it appears on his or her registration affidavit. In the case of an elector having a rural route number or R.D. numbers, the township should be listed. The elector must also insert the date of signing in the "Date of Signing" column, which may be expressed in words or numbers;

3.  **Circulator's Affidavit**               **REDACTED**

    i.  The Circulator's Affidavit on each nomination petition page must be signed and notarized after each nomination petition page is circulated. Each notarization must include the notary's official rubber stamp seal. Any person who circulates this nomination petition must be a qualified registered elector of the party referred to in the petition. *The part of Section 909 of the Pennsylvania Election Code, 25 P.S. § 2869, that requires the circulator of a nomination petition to be a resident of the relevant political district in the petition will not be enforced pursuant to advice received from the Pennsylvania Office of Attorney General in Villa v. Aichele, No. 13-cv-06374 (E.D. Pa 2013).*

4.  **Candidate's Affidavit and Ethics Statement**

    i.  Candidates must sign and submit one CANDIDATE'S AFFIDAVIT per set of nomination petitions. The CANDIDATE'S AFFIDAVIT is generated as part of the PDF petition packet.

    ii.  Candidates for the following offices must submit with their nomination petitions, a copy of the Statement of Financial Interests, required to be filed with the State Ethics Commission.

    * Governor                    * Justice of the Supreme Court
    * Lieutenant Governor         * Judge of the Superior Court
    * Attorney General            * Judge of the Commonwealth Court
    * Auditor General             * Judge of the Court of Common Pleas
    * Treasurer                   * Judge of the Municipal Court
    * Senator in the General Assembly
    * Representative in the General Assembly

5.  **Filing Fees**

    i.  No nomination petition will be accepted for filing in the Office of the Secretary of the Commonwealth unless it

is accompanied by the proper filing fee paid by **certified check or money order** payable to the Commonwealth of Pennsylvania.

    ii.   Filing fees will not be refunded for any reason (including candidate withdrawal).

6. **Filing Your Petitions**

    i.   Please remove all staples from the nomination petition. All nomination petition pages must be bound together when filed. Please use binder clips.

    ii.   Each nomination petition page should be numbered on Side 1 and Side 2. Example: Page 1, Side 1/Page 1, Side 2; Page 2, Side 1/Page 2, Side 2; Page 3, Side 1/Page 3, Side 2 and so on.

    iii.   Nomination petitions for the offices listed below must be filed with the Bureau of Commissions, Elections and Legislation, Commonwealth Keystone Building, Hearing Room #1, 2nd Floor, 400 North Street, Harrisburg, PA 17120

**REDACTED**

**SIGNATURE REQUIREMENTS AND FILING FEES**

| OFFICE | SIGNATURE REQUIREMENTS | FILING FEES |
|---|---|---|
| GOVERNOR | 2000<br>(including at least 100 from each of at least 10 Counties) | $200.00 |
| LIEUTENANT GOVERNOR | 1000<br>(including at least 100 from each of at least 5 Counties) | $200.00 |
| REPRESENTATIVE IN CONGRESS | 1000 | $150.00 |
| SENATOR IN THE GENERAL ASSEMBLY | 500 | $100.00 |
| REPRESENTATIVE IN THE GENERAL ASSEMBLY | 300 | $100.00 |
| MEMBER OF REPUBLICAN STATE COMMITTEE | 100 | $25.00 |
| MEMBER OF DEMOCRATIC STATE COMMITTEE | 100 | $25.00 |

**NOTE: ALL DATES AND INFORMATION CONTAINED HEREIN ARE SUBJECT TO CHANGE WITHOUT NOTICE**

# EXHIBIT "D"



**COMMONWEALTH OF PENNSYLVANIA**
**GOVERNOR'S OFFICE OF GENERAL COUNSEL**

Kathleen M. Kotula, Deputy Chief Counsel                    kkotula@pa.gov

December 23, 2013

**<u>VIA REGULAR MAIL AND ELECTRONIC MAIL</u>**
Paul L. Kleinbaum, Esquire
ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN, P.C.
One Riverfront Plaza, Suite 320
Newark, NJ 07102-5410

Dear Mr. Kleinbaum:

This letter is a follow-up to my letter dated December 2, 2013, regarding the Secretary of the Commonwealth's decision to follow the advice of the Office of Attorney General to cease enforcing the residency requirement of section 909 of the Pennsylvania Election Code, 25 P.S. § 2869. As requested, please find below more information on the efforts that the Department of State (Department) will take to communicate and disseminate information about this change.

Within thirty (30) days of the date of this letter, the Department will prepare and distribute a memorandum to all county election directors with the revised form of the nomination petition and instructions. The memorandum will be distributed via electronic mail. Additionally, within that same 30-day period, the Department will send a letter to the chairs of the statewide political parties and will include information about the revised form of the nomination petition and instructions on the Department's publicly accessible website. The information will be added to the "Running for Office" section of the Department's website.

Enclosed you will find the final version of the circulator's affidavit that has

---

**DEPARTMENT OF STATE | OFFICE OF CHIEF COUNSEL**
301 NORTH OFFICE BUILDING | HARRISBURG, PA 17120
Phone: 717-783-0736 | Fax: 717-214-9899| www.dos.state.pa.us



Mr. Paul L. Kleinbaum
December 23, 2013
Page 2

been newly-prescribed by the Secretary and the revised instructions relating to the nomination petitions.

Sincerely,

Kathleen M. Kotula
Deputy Chief Counsel

Enclosure

cc:  Kevin R. Bradford, Senior Deputy Attorney General, Office of Attorney General
     Gregory E. Dunlap, Executive Deputy General Counsel, Governor's Office of General Counsel
     Steven V. Turner, Chief Counsel, Pennsylvania Department of State
     Shannon E. Royer, Deputy Secretary for External Affairs & Elections, Pennsylvania Department of State
     Jonathan M. Marks, Commissioner, Bureau of Commissions, Elections and Legislation, Pennsylvania Department of State